RENDERED: JULY 2, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0865-MR

NATHAN APPLEBY AND TASHEA
APPLEBY                                                                    APPELLANTS


v.          APPEAL FROM WAYNE CIRCUIT COURT
            HONORABLE SARA B. GREGORY, JUDGE
            ACTION NO. 23-CI-00038


KATHY NEAL                                                                      APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, KAREM, AND McNEILL, JUDGES.

McNEILL, JUDGE: This is a deed dispute involving land located in Wayne

County, Kentucky. It has two tracts—the "Primary" and the "Secondary." The

Primary is a 2.67-acre tract. The Secondary is a 0.25-acre tract located within the

Primary tract. Appellants are Nathan Appleby and Tashea Appleby

("Appellants"). Appellee is Kathy Neal ("Kathy").

Appellants filed suit in Wayne Circuit Court to quiet title to the Primary tract, which they argue includes the Secondary tract based on the plain language in their deed. Kathy, and her now deceased husband, Billy Neal, counterclaimed to quiet title to the Secondary tract only, which they claim to own by a separate and valid deed transfer. A bench trial was held during which multiple witnesses testified. They include the parties and a land surveyor.

The trial court held that Neal's chain of title is superior as to the Secondary tract. Appellants' quiet title petition was denied, and Neal's petition was granted. The court further concluded that future Primary conveyances must except the Secondary tract. Deed reformation was denied as unnecessary. Appellants appeal to this Court as a matter of right. For the following reasons, we affirm.

## STANDARD OF REVIEW

"In actions tried upon the facts without a jury we review the court's findings under the clearly erroneous standard set forth in Kentucky Rules of Civil Procedure (CR) 52.01." *Keeney v. Keeney*, 223 S.W.3d 843, 848 (Ky. App. 2007) (citing *Largent v. Largent*, 643 S.W.2d 261, 263 (Ky. 1982)). "This rule provides in pertinent part that findings of fact shall not be set aside unless clearly erroneous and due regard shall be given to the opportunity of the trial court to judge the

credibility of the witnesses. *Id.* With regard to the trial court's application of law to those facts, we engage in a *de novo* review." *Id.*

## ANALYSIS

The parties and the court's order cite an extensive title history, including multiple transfers between family members. For our purposes, however, we will focus on those instances most relevant to our analysis. 1) In 1982, the Secondary tract was deeded to Kathy and Billy Neal, from Billy's now deceased parents. 2) The Primary tract was subsequently purchased by Billy Neal. 3) The Neals conveyed a Primary tract to Paul Yoder ("Yoder"). This included the entire 2.67 acres, with no acknowledgement of, or exception for, the Secondary tract. 4) Yoder conveyed his tract to Appellants. To be clear, neither the Neal-to-Yoder nor the Yoder-to-Appellants conveyances exempted the Secondary tract conveyed to the Neals in 1982. At trial, Kathy testified that this was a mistake. This Court previously summarized the relevant law in *Williams v. City of Kuttawa*:

> The rules applicable to construction and interpretation of a deed or trust are generally analogous to the rules of construction and interpretation of contracts. *Monroe v. Rucker*, 310 Ky. 229, 220 S.W.2d 391, 392–93 (1949) (citation omitted). "[A] deed shall be construed based upon its provisions as a whole." *Florman v. MEBCO Ltd. Partnership*, 207 S.W.3d 593, 600 (Ky. App. 2006) (citation omitted). However if the instrument's provisions are susceptible to more than one different— yet reasonable—interpretation, they are ambiguous; and, we may look to extrinsic evidence during our interpretation. *Central Bank & Trust Co. v. Kincaid*, 617

S.W.2d 32, 33 (Ky. 1981). But absent ambiguity, we may look only "to the intentions of the parties, gathered from the four corners of the instrument using its words' common meaning and understanding." *Florman*, 207 S.W.3d at 600 (citation and internal quotations omitted). We will not substitute what was intended for what was said.

466 S.W.3d 505, 509–10 (Ky. App. 2015). With this standard in mind, we return to the record and law at issue here.

Three items of evidence overcome the otherwise strict application of the deed language and conveyances at issue here: 1) Appellants' surveyor concluded that the property they sought to purchase was 2.22-acre tract, not the original 2.67 acres. 2) Appellants had a law firm perform a title search prior to their purchase. According to the trial court's findings "[t]he title opinion states that there may or may not be an off-conveyance from the Yoder deed[,]" *i.e.*, the Secondary tract. 3) Appellants acknowledged they were aware that Neal's son ("Deron"), was living on the Secondary tract before Appellants purchased their land.

We believe that the trial court arrived at the correct result. However, we take issue with some of its reasoning. It is well-settled that an appellate court may affirm a lower court for any reason supported by the record. *See, e.g.*, *Kentucky Farm Bureau Mutual Insurance Co. v. Gray*, 814 S.W.2d 928, 930 (Ky. App. 1991). For example, we need not address the doctrine of merger or

-4-

champerty. KRS[1] 372.070. Although briefly addressed by the trial court, these issues are not dispositive of the present issue. In that same vein, to the extent that adverse possession is relevant here, it weighs in favor of the result, but for different reasons than memorialized in the trial court's order. More precisely, because Appellants were aware that Deron was living on the Secondary tract prior to their purchase from Yoder, Deron's possession cannot have been "hostile."[2]

To the contrary, Appellants were on notice of at least a potential competing claim to the land. This, combined with the surveyor *and* title search

---

[1] Kentucky Revised Statutes.

[2] As explained by one authority, "[h]ostility is the very marrow of adverse possession." 3 Robert W. Keats, et al., *Kentucky Practice: Methods of Practice* § 5.3 (3d ed. 1989). "To say that possession is hostile should mean nothing more than that it is without permission of the one legally empowered to give possession, usually the owner." *Id.*; *see also Nelson v. Johnson*, 189 Ky. 815, 226 S.W. 94, 97 (1920) (explaining the hostile possession "of lands by a [claimant] is holding with the intention of taking and hold[ing] them as his, to the exclusion of all others"); Black's Law Dictionary (9th ed. 2009) (defining "hostile possession" as "[p]ossession asserted against the claims of all others, especially the record owner"). Indeed, one who obtains the property owner's permission to enter or possess land does not possess the property hostile to that owner's interest. [*Cowherd v. Brooks*, 456 S.W.2d 827, 829 (Ky. 1970)] (explaining a person's possession of property "originating by permission is not adverse"); *White v. Smith*, 265 S.W.2d 937, 938 (Ky. 1954) ("Possession of one who enters upon land by owner's permission . . . is not hostile and will not ripen into title under adverse possession rule."); *United Hebrew Congregation of Newport v. Bolser*, 244 Ky. 102, 50 S.W.2d 45, 47 (1932) (emphasizing "possession by permission . . . cannot ripen into title" via adverse possession).

*Henninger v. Brewster*, 357 S.W.3d 920, 926–27 (Ky. App. 2012).

results indicating a potential prior conveyance, resulted in either actual or constructive notice that Appellants' deed did not include the Secondary tract. Having considered the record, law, and arguments presented, we cannot conclude that the trial court committed reversible error here.

## CONCLUSION

For the foregoing reasons, we AFFIRM the Wayne Circuit Court's summary judgment entered on May 8, 2025.

ALL CONCUR.

BRIEF FOR APPELLANTS:

Rhett B. Ramsey
Monticello, Kentucky

BRIEF FOR APPELLEE:

John Paul Jones II
Monticello, Kentucky